SMEDLEY, Respondent, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 10, 1906.

1. **STREET RAILWAYS:. Trolley Wires: Negligence.** It is a violation of section 1179, Revised Statutes 1899, providing that trolley wires shall not be lower than twenty-two feet above railroad tracks which they cross, and negligence, for an electric railway company to allow a trolley wire to sag at such a crossing low enough to strike a brakeman standing on a box car.

2. ———: ———: **Contributory Negligence.** Whether a brakeman standing on top of a box car was guilty of contributory negligence in failing to see and avoid a trolley wire which sagged across his way and injured him, was a question for the jury, in an action for the injuries incurred.

3. **PERSONAL INJURIES:** Permanent Injury: Instruction.    In an action for personal injuries, an instruction authorizing the jury, to take into consideration the permanency of the plaintiff's· injury, where there was no evidence to show that the injury was permanent, was reversible error.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney,* Judge.

REVERSED AND REMANDED.

*Jefferson Chandler, T. M. Pierce* and *S. P. McChesney* for appellant.

(1)   The court erred in allowing evidence to be admitted over the objection of defendant, in that the petition did not state a cause of action. Defendant owed plaintiff no duty.   Sweany v. Old Colony, 87 Am. Dec. 644; Railway v. Nugent, 86 Md. 349; Warsaw v. Dunlap, 112 Ind. 576; 1 Kin. on Torts, sec. 246; Curtain v. Sommosett, 140 Pa. St. 70. (2) The court erred in not sustaining defendant's demurrer to plaintiff's evidence.   Butterfield v. Forrester, 11 East 60; 3 Wood on Railroads, sec. 379; Walker v. Town of Reedville, 2 N. E. 74; City of Vicksburg v. Hennessy, 54 Miss. 491; Brossman v. Lehigh, 13 Pa. St. 490; Owens v. Railway, 1 (Lansing) N. Y. 128; Wilson v. Charleston, 8 Allen 137; Williams v. Railway, 22 N. E. 1117; Rains v. Railroad, 71 Mo. 164; Zimmerman v. Railroad, 71 Mo. 476; Moore v. Railway, 176 Mo. 542, 75 S. W. 672.   (3)   The court erred in giving the jury at the request of plaintiff and over objections of defendant the following instruction:   "If you find a verdict for plaintiff, you will assess his damages at such sum as you may believe and find from the evidence will fairly compensate him for the injury or injuries sustained by him by reason of being struck by said trolley wire, and in estimating said damages you may take into consideration the permanency of the injuries, if the jury shall believe that the injuries, if any,

are permanent, and the loss of time, if any, resulting from said injuries." There is no evidence that the plaintiff sustained any permanent injuries. Instruction should not be given to the jury unless warranted by the evidence. Hasse v. Lemp, 26 Mo. 394; Deere Plow Co. v. Sullivan, 158 Mo. 453, 59 S. W. 1005.

*R. H. Stevens* for respondent.

GOODE, J.—This respondent was hurt by a sagging trolley wire constituting part of appellant's railroad equipment. Respondent was in the employ of the Wabash Railroad Company as a brakeman and on June 3, 1904, while riding in an upright position on the top of a freight train composed of box cars, was struck across the face by a trolley wire, his nose broken, some of his teeth knocked loose and his lip cut. The accident happened at Kinloch, a station in St. Louis county where appellant's electric line crossed the line of the Wabash Railroad Company.

Appellant insists that a verdict should have been directed in its favor because neither the petition nor the evidence showed it was under any duty to respondent to protect him from injury by the wire. The testimony went to show that box cars on the train on which respondent was riding were from twelve to fourteen feet high; that he was about six feet tall and that, ordinarily, the trolley wire, when in its proper position, was from a foot and one-half to two feet above his head when he was standing on a box car. It had sagged from its proper position so as to catch respondent across the face as his train passed under it. A statute of the State required appellant's trolley wires to be constructed and maintained at a height not less than twenty-two feet above the railroad track. [R. S. 1899, sec. 1179.] It was palpable negligence for appellant to permit its overhead wire to hang down so as that it would strike a brakeman on top of trains. That is to say, appellant was

bound to use care to prevent such an accident. Without quoting from the petition we will say that it stated a perfect cause of action.

It is insisted that respondent was guilty of contributory negligence because he must have seen the wire if he had been using proper care for his own safety as he approached the crossing. No such conclusion follows necessarily from the evidence. The court submitted the issue of respondent's contributory negligence to the jury and appellant has no right to complain of this ruling. The testimony to show respondent was guilty of any negligence was slight.

The judgment will be reversed because the court, in the instruction on the measure of damages, authorized the jury to take into consideration the permanency of respondent's injuries and there was not a syllable of evidence to show he was permanently injured in any respect. In fact, his own evidence showed he had completely recovered.

The judgment is reversed and the cause remanded. All concur.